HARTLEY, EXECUTOR, *v.* COMMISSIONER OF INTERNAL REVENUE.

No. 602. Argued April 11, 12, 1935.—Decided April 29, 1935.

*Mr. H. C. Fulton,* with whom *Messrs. H. B. Fryberger* and *E. L. Boyle* were on the brief, for petitioner.

*Mr. David E. Hudson,* with whom *Solicitor General Biggs, Assistant Attorney General Wideman,* and *Messrs. James W. Morris* and *A. F. Prescott* were on the brief, for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

The Court of Appeals for the Eighth Circuit, 72 F. (2d) 352, affirmed a ruling of the Board of Tax Appeals, 27 B. T. A. 952, and held that under § 202 of the Revenue Act of 1921, c. 136, 42 Stat. 227, 229, and § 204 of the Revenue Act of 1924, c. 234, 43 Stat. 253, 258, the basis for computing gain or loss on the sale of property, and its depletion or depreciation, for purposes of taxing income returned by the petitioner, an executor, is its value at the date of the decedent's death, rather than the cost to the decedent, or the value on March 1, 1913, if acquired before that date.

We granted certiorari to resolve a conflict of the decision below, and of the like decision, under § 202 of the 1918 Revenue Act, c. 18, 40 Stat. 1057, 1060, of the Court of Appeals for the Sixth Circuit in *Eldredge* v. *United States,* 31 F. (2d) 924, 930, with that of the Court of Claims in *McKinney* v. *United States,* 62 Ct. Cls. 180. See *Elmhirst* v. *United States,* 38 F. (2d) 915; *Myers* v. *United States,* 51 F. (2d) 145; compare *McCann* v. *United States,* 48 F. (2d) 446, each decided by the Court of Claims.

Petitioner's tax returns[1] were for the calendar years 1924 and 1925. Sections 202 (a), (b) and 214 (a) (8), (10)

[1] As permitted by § 702 of the Revenue Act of 1928, c. 852, 45 Stat. 791, 879, petitioner elected to have his tax determined " in accordance with the law properly applicable," § 702 (b), rather than " in accordance with the regulations in force at the time such return was filed," § 702 (a).

of the 1921 Act, and § 204 (a), (b), (c) of the Revenue Acts of 1924 and 1926, c. 77, 44 Stat. 9, provide that the basis for computing gain or loss on the sale of property, and depreciation and depletion, shall be its cost, or its value on March 1, 1913, if acquired before that date. None of the acts specifically provides a basis for making the computations where return is made of income received by the estate of a decedent in the course of administration. But in the case of property acquired by "bequest, devise, or inheritance" § 202 (a) (3) of the 1921 Act and § 204 (a) (5) of the 1924 and 1926 Acts provide that the basis shall be the fair market value "at the time of acquisition."

The revenue acts consistently treat the estate of a decedent in the hands of an administrator or executor as a separate taxpayer. By § 2 of the 1921, 1924 and 1926 Acts the estate of a decedent is embraced within the term "taxpayer." Each Act specifically provides for taxation of the income of an estate during administration. § 219 of the 1921, 1924 and 1926 Acts. Each includes profits from the sale of property by the taxpayer in taxable income, § 213 of the 1921, 1924 and 1926 Acts, and provides for the deduction of losses from gross income in arriving at taxable income. § 214 of the 1921, 1924 and 1926 Acts. See *Merchants Loan & Trust Co.* v. *Smietanka*, 255 U. S. 509, 516, 517. Each makes provision for the imposition of a tax upon the estates of deceased persons, and the "gross estate" which is the basis for computing the tax is the value of the decedent's property at the time of his death. § 402, 1921 Act; § 302, 1924 and 1926 Acts.

The Court of Claims held that the time of acquisition, indicated by § 202 (a) of the 1921 Act and § 204 (a) of the 1924 and 1926 Acts as the controlling date for calculating gain or loss to the estate in the course of administration, must be taken to be the date of acquisition

by the decedent rather than the time of acquisition by the executor or administrator on the decedent's death. This conclusion, it was thought, was compelled by the statutory command that the basis of computation shall be "cost," which could have no application to the acquisition by the executor or administrator, who is not a purchaser of the estate which he administers. *McKinney* v. *United States, supra,* 188. But this specification is not enough to restrict the effect of the general provisions of these revenue acts which impose a tax on the income, including capital gains, of taxpayers. The use of the word cost does not preclude the computation and assessment of the taxable gains on the basis of the value of property, rather than its cost, where there is no purchase by the taxpayer, and thus no cost at the controlling date. See *Heiner* v. *Tindle,* 276 U. S. 582, 585, 586; *Lucas* v. *Alexander,* 279 U. S. 573, 578, 579.

No plausible reason has been advanced for supposing that Congress intended the capital gains or losses of the estate of a decedent to be treated any differently from those resulting from the sale of property taken by " bequest, devise, or inheritance," as provided in § 202 (a)(3) of the 1921 Act and § 204 (a)(5) of the 1924 and 1926 Acts, or that it intended to bring gains or losses, accruing between the date of decedent's acquisition of the property and his death, into the computation of both the estate tax and the income tax assessed upon his administrator or executor. When it had a different purpose in the case of gifts inter vivos, not subject to a gift tax, it specifically directed that gains or losses to the donee should be computed on the basis of the cost of the property at the date of acquisition by the donor. § 202 (a)(2), 1921 Act; § 204 (a) (2) (4), 1924 and 1926 Acts; see *Taft* v. *Bowers,* 278 U. S. 470; *Helvering* v. *New York Trust Co.,* 292 U. S. 455, 462. The conclusion seems inescapable that the intended date of acquisition by an executor or administra-

220

tor, where the estate is the taxpayer, is the date of the decedent's death. *Brewster* v. *Gage,* 280 U. S. 327, 335.

Possibility of doubt was removed by treasury regulation. Article 343 of Regulation 45, under the 1918 Act, prescribed that gains or losses of an estate should be computed on the basis of the value of the property at the date of the decedent's death. This was carried forward by Art. 343 of Reg. 62 under the Act of 1921, of Reg. 62 under the Act of 1924, and of Reg. 69 under the Act of 1926. Following the decision of the Court of Claims in *McKinney* v. *United States, supra,* and with the purpose of conforming to it, the ruling was amended by T. D. 4011, VI–1 Cum. Bul. 77, on April 6, 1927, so as to make the cost to the decedent the basis of the computation. Doubts having been raised as to the ruling in *McKinney* v. *United States, supra,* by later decisions,[2] the amendment was revoked and Article 343 restored to its original form, T. D. 4177, VII–2 Cum. Bul. 134, on July 7, 1928. The substance of the regulation in its original and final form was carried into § 113 (a)(5) of the Revenue Act of 1928, c. 852, 45 Stat. 791, 819, which directed that the basis for the computation of gains or losses upon property acquired by the decedent's estate from the decedent should be its value at the time of the decedent's death.

The reënactment of the pertinent provisions of § 202 of the Revenue Act of 1921 in the Acts of 1924 and 1926, without material change, was a congressional recognition and approval of the interpretation of the section by the treasury regulations, which gave them the force of law. *Old Mission Portland Cement Co.* v. *Helvering,* 293 U. S. 289, 293, 294; *Brewster* v. *Gage, supra,* 337. The incorporation of the regulation in § 113 (a)(5) of the 1928 Act

---

. [2] *Nichols* v. *United States,* 64 Ct. Cls. 241; *Bankers' Trust Co.* v. *Bowers,* 23 F. (2d) 941 (S. D., N. Y.); Straight *v.* Commissioner, 7 B. T. A. 177.

was intended to clarify, but not to change the law. See Report of House Committee on Ways and Means, No. 2, 70th Cong., 1st Sess., p. 18; Report of Senate Committee on Finance, No. 960, 70th Cong., 1st Sess., p. 26; Report of Joint Committee on Internal Revenue Taxation, H. R. Doc. 139, 70th Cong., 1st Sess., pp. 17, 18.

*Affirmed.*