**M. E. BLATT CO. v. UNITED STATES.**
No. 43592.

Court of Claims.
May 31, 1938.

Lawrence Cake, of Washington, D. C., for plaintiff.

Samuel E. Blackham, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

Plaintiff relies upon the decision of the Circuit Court of Appeals, 2nd Circuit, in Hewitt Realty Company v. Commissioner, 76 F.2d 880, 98 A.L.R. 1201, in which the court held in substance that no taxable income is derived by a lessor from improvements made to leased buildings or from buildings constructed upon leased land by the lessee until such improvements are sold or disposed of by the lessor. In support of this holding, plaintiff insists that there can be no income, in a constitutional sense, unless there is a realization by the taxpayer either by severance from the source, as in the case of rent-derived from property, or by conversion of both source and income into a different form, as in the case of a gain derived from the sale or exchange of property, and that mere appreciation in value, in whatever form arising, is not income until realized by sale or conversion of the property.

Since the adoption of the 16th Amendment, U.S.C.A. Amend. 16, Congress has generally defined taxable gross income (section 22, Revenue Act of 1932, 26 U.S.C.A. § 22) as including gains, profits, and income derived from dealings in property, whether real or personal, growing out of the ownership or use of, or interest in such property; also from rent or other gains or profits and income derived from any source whatever. The net income to be taxed is this gross income less the allowable deductions. It is clear that Congress intended in all of the revenue acts, except when otherwise specifically provided, to reach gains and profits of every description. Irwin v. Gavit, 268 U.S. 161, 162, 45 S.Ct. 475, 69 L.Ed. 897. And constitutional requirements as to the receipt of income are satisfied if the taxpayer has become the owner of property the value of which represents the gain. Poe v. Seaborn, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239. Improvements to leased property made by a lessee, which become the property of the lessor at the time made, constitute compensation paid by the lessee as additional rental for the use of the leased premises. This compensation is a fixed, definite, and ascertainable amount under the contract. The cost of improvements less depreciation over the term of the lease is a fair measure of their present worth to the lessor as rental for the leased premises in addition to the stipulated money payments to be made by the lessee, and this amount may, we think, be properly regarded as a gain, profit, or income to the lessor under the Sixteenth Amendment and the statutory definition of taxable income. Such amount is not an indefinite element similar to natural ap-

464

preciation in market value of property owned by a taxpayer or appreciation in value through capital improvements made by the owner of the property which need some form of measurement, such as a sale, to be rendered definitely known and ascertainable in amount. A lessor has the unrestricted ownership of the leased premises, although, as a result of the lease, he is deprived of the beneficial use of the leased premises and, therefore, of the beneficial use of the gains accruing to him through improvements constructed by the lessee, but we think it is clear that under the statute the gain, profit, or income is not divested of its character, as such, by the lease arrangement which may limit, for a time, its use or disposal by the taxpayer or which may entirely deprive the lessor for the period stated in the lease of the beneficial use of the gain. Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731; Lonsdale v. Commissioner, 8 Cir., 32 F. 2d 537; Cleveland Railway Company v. Commissioner, 6 Cir., 36 F.2d 347; Standard Slag Company v. Commissioner, 62 App.D.C. 8, 63 F.2d 820; Commissioner v. Terre Haute Electric Co., Inc., 7 Cir., 67 F.2d 697. The lessor is free to sell or otherwise dispose of the improvements subject to the lease. These views on the question presented are supported by the weight of authority upon the subject. Miller v. Gearin, 9 Cir., 258 F. 225; United States v. Boston & Providence R. R. Corporation, 1 Cir., 37 F.2d 670; Crane v. Commissioner, 1 Cir., 68 F.2d 640; Slack and Merwin, Ex'rs, v. Commissioner, 35 B.T.A. 271; Morphy v. Commissioner, 35 B.T.A. 289. The case of Hewitt Realty Co. v. Commissioner, supra, is distinguishable upon the facts. In that case the original term of the lease was for a period of 21 years and the improvements (a new building) constructed in 1931 by the lessee upon the leased premises had a useful life of 40 years. The Commissioner used the original 21-year term of the lease in computing the lessor's gain. But the lease contained a provision reserving to the lessee the right at the end of 21 years to renew the lease for three successive-running terms, or for a period of 63 years beyond the original term of 21 years. On this point the court held, and with this holding we agree, that effect should be given to the right of the lessee to continue the lease for a term beyond the useful life of the improvements. There was, therefore, no present increase in the net worth to the

lessor and no existing or ascertainable gain to the taxpayer under the interpretations of the statute as set forth in Treasury regulations and decisions. In such a case a taxpayer, lessor, derives no profit or income unless the lease is terminated or until he sells the improvements.

Whether the gain or income to the lessor, through improvements made to the leased premises by the lessee, should be treated as taxable to the lessor in the year in which the improvements are completed or allocated and taxed annually over the term of the lease, or be treated as taxable in the year of expiration or termination of the lease, is a matter about which there might well be a difference of opinion. The regulations and decisions of the department charged with the administration and enforcement of the revenue laws should be sustained, unless they are contrary to the statute or exceed the authority conferred to make all needful rules and regulations for the necessary and proper enforcement of the provisions of the Revenue Acts.

Art. 63, Treasury Regs. 77, promulgated under the Revenue Act of 1932, provides, so far as material here, as follows:

*"Improvements by lessees.*—When buildings are erected or improvements made by a lessee in pursuance of an agreement with the lessor, and such buildings or improvements are not subject to removal by the lessee, the lessor may at his option report the income therefrom upon either of the following bases:

"(a) The lessor may report as income at the time when such buildings or improvements are completed the fair market value of such buildings or improvements subject to the lease.

"(b) The lessor may spread over the life of the lease the estimated depreciated value of such buildings or improvements at the expiration of the lease and report as income for each year of the lease an aliquot part thereof.

"Except in cases where the lessor has exercised the option to report income upon basis (b), if the lease is terminated so that the lessor comes into possession or control of the property prior to the time originally fixed for the expiration of the lease, the lessor derives no income by reason thereof, and, just as when the lessor comes into possession or control of the property upon the expiration of the lease, the basis for determining gain or loss to the lessor from

the subsequent sale or other disposition of the buildings or improvements and for depreciation in respect of such property is the amount previously reported as income by the lessor because of the erection of the buildings or improvements, except that if the buildings or improvements were acquired prior to March 1, 1913, the basis shall be their value subject to the lease when acquired or their value subject to the lease on March 1, 1913, whichever is greater. If the buildings or improvements are destroyed prior to the expiration of the lease, the lessor is entitled to deduct as a loss for the year when such destruction takes place the amount previously reported as income because of the erection of such buildings or improvements, less any salvage value subject to the lease to the extent that such loss is not compensated for by insurance or otherwise. If the buildings or improvements destroyed were acquired prior to March 1, 1913, the deduction shall be based on their value subject to the lease when acquired or their value subject to the lease on March 1, 1913, whichever is greater, less any salvage value subject to the lease to the extent that such loss is not compensated for by insurance or otherwise. (See articles 130 and 204.)

"In all cases where the lessor has exercised the option to report income upon basis b), if the lease is terminated so that the lessor comes into possession or control of the property prior to the time originally fixed for the expiration of the lease, the lessor derives additional income for the year in which the lease is so terminated to the extent that the value of such buildings or improvements when he becomes entitled to such possession exceeds the amount already reported as income on account of the erection of such buildings or improvements. No appreciation in value due to causes other than the termination of the lease shall be included. If the buildings or improvements are destroyed prior to the expiration of the lease, the lessor is entitled to deduct as a loss for the year when such destruction takes place the amount previously reported as income because of the erection of such buildings or improvements, less any salvage value subject to the lease to the extent that such loss is not compensated for by insurance or otherwise."

This regulation substantially conforms to all regulations and decisions of the Treasury Department since the adoption and promulgation in 1920 of Art. 48, Regs. 45, under the Revenue Act of 1918. Thus, for more than eighteen years, income derived by a lessor through improvements made to the leased premises by the lessee have been treated as taxable to the lessor to the extent of the present value thereof, either in the year in which the improvements were completed or proportionately in each year over the term of the lease. Since the adoption and promulgation of this regulation, which was applied and followed by the Commissioner of Internal Revenue in determining the income and the tax involved in this proceeding, the Congress has enacted seven general revenue statutes without in any way disturbing the regulations and decisions of the Treasury Department on this question. From this it seems clear that the Congress has given its approval to the interpretation of the statutes by the administrative branch of the Government charged with their administration and enforcement. National Lead Co. v. United States, 252 U.S. 140, 40 S.Ct. 237, 64 L.Ed. 496; Duffy v. Central Railroad Co. of New Jersey, 268 U.S. 55, 57, 45 S.Ct. 429, 69 L.Ed. 846; Brewster v. Gage, 280 U.S. 327, 337, 50 S.Ct. 115, 117, 74 L.Ed. 457; United States v. Farrar, 281 U.S. 624, 50 S.Ct. 425, 74 L.Ed. 1078, 68 A.L.R. 892; Universal Battery Co. v. United States, 281 U.S. 580, 50 S.Ct. 422, 74 L.Ed. 1051; Poe v. Seaborn, supra; McCaughn v. Hershey Chocolate Co., 283 U.S. 488, 492, 51 S.Ct. 510, 512, 75 L.Ed. 1183; Old Colony Railroad Co. v. Commissioner, 284 U.S. 552, 557, 52 S.Ct. 211, 212, 76 L.Ed. 484; Massachusetts Mutual Life Insurance Co. v. United States, 288 U.S. 269, 53 S.Ct. 337, 77 L.Ed. 739; Old Mission Portland Cement Co. v. Helvering, 293 U.S. 289, 55 S.Ct. 158, 79 L.Ed. 367; Hartley v. Commissioner, 295 U.S. 216, 220, 55 S.Ct. 756, 757, 79 L.Ed. 1399; and Williams v. Burnet, 61 App.D.C. 181, 59 F.2d 357.

Plaintiff is not entitled to recover and the petition is dismissed. It is so ordered.