**Basil Leroy STERRETT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Joseph David TRIFF, Appellant,**

v.

**UNITED STATES of America, Appellee.**

Nos. 13901, 13952.

United States Court of Appeals Ninth Circuit.

Oct. 25, 1954.

No. 13901:

J. B. Tietz, Los Angeles, Cal., Hayden C. Covington, Brooklyn, N. Y., for appellant.

Laughlin E. Waters, U. S. Atty.; Edward J. Skelly, Hiram W. Kwan, Ray H. Kinnison, Asst. U. S. Attys.; Los Angeles, Cal., for appellee.

No. 13952:

Harold Shire, Beverly Hills, Cal., Hayden C. Covington; Brooklyn, N. Y., for appellant.

Laughlin E. Waters, U. S. Atty., Ray H. Kinnison, Manuel L. Real, Hiram W. Kwan, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before DENMAN, Chief Judge, and STEPHENS and POPE, Circuit Judges.

POPE, Circuit Judge.

Each of these appellants was found guilty of a refusal to submit to induction contrary to the provisions of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 451 et seq. In each case the appellant, as a registrant, claimed exemption under the Act as a conscientious objector and made that claim before the local board. That board, after a personal appearance by the registrant, placed him in Class I-O (conscientious objector to both combatant and non-combatant military service). The registrants appealed, each claiming classification as a minister (IV-D).

In the case of Triff the appeal board on March 18, 1952, reviewed the file and "determined that registrant should not be classified in Class I-O under the circumstances set forth in subparagraph (4) of paragraph (a) of Section 1626.25 (a) (4)".[1] On the same day the appeal board took the same action and made the same determination with respect to Sterrett. In each case the registrant's file was forwarded to the United States Attorney for the stated purpose of securing an advisory recommendation from the Department of Justice. This was done by identical letters dated March 31, 1952. Under date of May 14, 1952, the United States Attorney returned Sterrett's file to the appeal board stating:

"Gentlemen: The records of this office indicate that registrant's conscientious objector claim was granted by the Local Board. Denial of the conscientious objector claim by the Local Board is a pre-requisite to

1. On the date of this action by the appeal board the subparagraph referred to was as follows: "(4) If the appeal board determines that such registrant is not entitled to classification in either a class lower than Class I-O or in Class I-O, it shall transmit the entire file to the United States Attorney for the judicial district in which the office of the appeal board is located for the purpose of securing an advisory recommendation from the Department of Justice."

our assumption of jurisdiction under Section 6(j) of the Universal Military Training and Service Act, as Amended.

"Under the circumstances we have no alternative but to return the registrant's file and it is enclosed herewith."

In like manner, and by a letter which was in substance the same, the United States Attorney, under date of June 10, 1952, returned Triff's file.

At the time the Department of Justice took this action, subdivision (c) of § 1626.25 of Title 32 C.F.R. headed: "Special provisions when appeal involves claim that registrant is a conscientious objector", provided that after transmission of the file to the United States Attorney, (note language quoted in footnote 1, supra,) "the Department of Justice shall thereupon make an inquiry and hold a hearing on the character and good faith of the conscientious objections of the registrants." This paragraph further provided for notice of such hearing and an opportunity to registrant to be heard, and for the making of recommendations by the Department.

Following the return of the file to the appeal board, that board in each case classified the registrant in Class I-A, (available for full military duty). This classification was made as to Sterrett on June 19, 1952 and in respect to Triff on June 24, 1952. Thereafter the files were returned to the local board showing this classification of I-A, and although each of the appellants thereafter made efforts to procure a review and a reopening of his case by the local board, this was refused and orders were issued for induction. Registrants refused to submit and prosecution followed.

Each appellant here contends, as he did in the court below, that his conviction cannot be sustained because the record of his classification shows that he was denied his right to a hearing before the Department of Justice as required by the applicable statute and regulations.

The Act, Act of June 24, 1948, c. 625, Title I, 62 Stat. 604 et seq., Title 50 U.S. C.A.Appendix, §§ 451–473, as amended at the period here in question, contained two sets of provisions relating to the appeals by registrants from the action of a local board to the civilian appeal boards provided by the Act. § 10 of the Act, Title 50 App. § 460, providing generally for the inclusion of appeal boards in the Selective Service System, authorized the President to create such boards by regulation and provided that the local boards should have the power to determine all questions or claims with respect to exemption or deferment "subject to the right of appeal to the appeal boards herein authorized". The section further provided: "The decision of such appeal boards shall be final in cases before them on appeal unless modified or changed by the President."

§ 6(j), Title 50 App. § 456(j), contained a further provision relating to the action of the appeal boards in certain cases. That subdivision recites: "Nothing contained in this title (sections 451–454 and 455–471 of this Appendix) shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form." The section proceeds then to define what is meant by religious training and belief and to recite the service or work persons claiming exemption as conscientious objectors and found entitled thereto shall be required to perform, and states: "Any person claiming exemption from combatant training and service because of such conscientious objections shall, if such claim is not sustained by the local board, be entitled to an appeal to the appropriate appeal board. Upon the filing of such appeal, the appeal board shall refer any such claim to the Department of Justice for inquiry and hearing. The Department of Justice, after appropriate inquiry, shall hold a hearing with respect to the character and good faith of the objections of the person concerned, and such person shall be notified of the time and place of such hearing. The Department of Justice shall, after such hearing,

if the objections are found to be sustained, recommend to the appeal board that (1) if the objector is inducted into the armed forces under this title (said sections), he shall be assigned to noncombatant service as defined by the President, or (2) if the objector is found to be conscientiously opposed to participation in such noncombatant service, he shall in lieu of such induction be ordered by his local board, subject to such regulations as the President may prescribe, to perform for a period equal to the period prescribed in section 4(b) (section 454 (b) of this Appendix) such civilian work contributing to the maintenance of the national health, safety, or interest as the local board may deem appropriate * * *."

To make clear the Government's view of how this section should be construed, it quotes the language of the section with emphasis as follows: "Any person claiming exemption from combatant training and service because of such conscientious objections shall, if such claim *is not sustained* by the local [draft] board, be entitled to an appeal to the appropriate appeal board. Upon the filing of *such appeal,* the appeal board shall refer any *such claim* to the Department of Justice for inquiry and hearing." Says the Government: the appellant whose claim had been sustained by the local board, was not appealing *for* a conscientious objector classification but appealing *from* a conscientious objector classification for in each of these cases the registrant was claiming classification as a minister entitled to be classified in Class IV-D.[2]

It is apparent that in returning the files to the appeal board without conducting a hearing the Department of Justice was placing this construction upon the Act itself. While shortly thereafter § 1626.25 of the Regulations above referred to was amended so as to provide

expressly that the hearing by the Department of Justice should be called for only where "the local board has classified the registrant in any class other than I-O," yet that amendment did not occur until June 18, 1952, (17 F.R. 5449) after the return of these two files on May 14, 1952 and June 12, 1952, respectively. In each case the appeal board's actual classification of registrant in I-A occurred subsequent to this amendment of the Regulation. (In Sterrett's case on June 19, 1952 and in Triff's case on June 24, 1952.)

The appellants' very different view of the provisions for a Department of Justice hearing and recommendation stems from their position that all of the statutory and administrative provisions relating to a registrant's appeal and the duties of the appeal boards must be read together,—that they were intended to constitute a unified whole. Thus it is pointed out that § 10 of the Act above referred to, provides for appeals generally, and permits a registrant dissatisfied with the local board's disposition of his claim for exemption or deferment to appeal without discrimination as to the cause of his dissatisfaction and without regard to the nature of his claim. Upon such an appeal the Regulations have provided that all questions relating to the registrant's classification are before the appeal board. Thus at all times here in question the Regulations, § 1626.26(a) provided: "Decision of appeal board. (a) The appeal board shall classify the registrant, giving consideration to the various classes in the same manner in which the local board gives consideration thereto when it classifies a registrant, except that an appeal board may not place a registrant in Class IV-F because of physical or mental disability unless the registrant has been found by the local board or the armed forces to be disqualified for any military service because

2. In the case of Sterrett the trial court accepted this view and said: " 'Such appeal' refers to an appeal from an adverse disposition by the local board of the conscientious objection claims of the registrant. This appeal here manifestly was not an appeal from any such adverse determination, because the local board had made the most favorable possible determination in favor of the registrant."

of physical or mental disability." This regulation has never been changed. It means, as we pointed out in Cox v. Wedemeyer, 9 Cir., 192 F.2d 920, 922, in dealing with a substantially similar regulation under the earlier Act, that the effect of such an appeal was "to place the question of his proper classification in its entirety before the appeal board, and that the regulations required the board to review the case and the registrant's whole record de novo." In that case a registrant classified by the local board as a limited conscientious objector appealed to the appeal board requesting classification in IV-D as a minister. We held that by reason of the similar regulation there involved, the appeal board was required to consider in a stated order, item by item, whether the registrant belonged in any of the various classes provided by the Regulations and hence that in such case, although the appeal was for a IV-D classification, yet upon such an appeal the question of whether registrant was a conscientious objector was before the appeal board.

Appellants assert that following a like process of reasoning we must hold that even although these registrants took their appeal because they wanted to be classified as ministers, yet if and when the appeal board rejected the IV-D classification, it would necessarily thereafter and in due course under the rule in the Cox case be obliged to take up and consider registrant's alternate claim to be a conscientious objector; in short, that such an appeal "involves claim that registrant is a conscientious objector", within the meaning of the previously quoted heading of § 1626.25.

Appellant urges therefore that the words in § 6(j) reading: "Upon the filing of such appeal, the appeal board shall refer any such claim to the Department of Justice for inquiry and hearing", must be construed to mean that whenever any appeal presents the conscientious objection question to the appeal board, it must refer the claim to the Department of Justice.[3]

It will be noted that the construction which the Department of Justice in these cases placed upon § 6(j) in the two letters mentioned declining to undertake a hearing is substantially the same as the implementation of that section sought in the amended § 1626.25 of the Regulations, particularly the portion quoted in note 3 above. If that be the meaning of the section, the results accomplished in cases of this type are a bit strange. The registrant whose evidence presented to the local board and whose personal appearance are such as to impress that board that he is entitled to a I-O classification, finds himself at a distinct disadvantage;—he is denied a hearing before a hearing officer when he appeals for a ministerial classification and the board, after denying that, comes to consider

3. We have considered an interesting third possibility as to a construction of § 6(j) in conjunction with Regulation § 1626.25 following its amendment on June 18, 1952. This is the Regulation which provides in part: "If the registrant has claimed, by reason of religious training and belief, to be conscientiously opposed to participation in war in any form and by virtue thereof to be conscientiously opposed to participation in both combatant and noncombatant training and service in the armed forces, and the local board has classified the registrant in Class I-O, the appeal board shall proceed with the classification of the registrant. If, in such a case, the local board has classified the registrant in any class other than Class I-O, the appeal board shall transmit the entire file to the United States Attorney for the Federal judicial district in which the appeal board has jurisdiction for the purpose of securing an advisory recommendation from the Department of Justice." This seems to suggest the possibility that where the local board has given the registrant Class I-O, and he nevertheless appeals, the appeal board's function is limited to considering his demand for a lower classification and cannot in such case alter or modify the local board's classification I-O. Because of the use of the words "the appeal board shall proceed with the classification of registrant", in the above quoted language, and in the light of the retention in the regulations of § 1626.26 above quoted, we reject this third possibility.

Class I-O, the next lowest class claimed by him, as it is required to do under Regulation § 1626.26, supra. Had he made a less favorable showing before the local board and been classified I-A to begin with and then appealed seeking exemption on both ministerial and conscientious objector grounds he would have had the hearing.

■ There is no doubt but that the legislative history of § 6(j) indicates that it was the understanding and intention of Congress to provide a reference of all conscientious objector claims not initially granted by the appeal board to the Department of Justice. The section is a substantial reenactment of subsection 5(g) of the 1940 Act.[4] Both the Senate and House Conference reports on the bill which became the 1940 Act indicate that in the cases of conscientious objectors provision was made for inquiry and hearing by the Department of Justice without any qualification to the effect that such hearing would be denied one whose conscientious objection claim had been granted by the local board.[5] The resultant discrimination worked by the Department's interpretation on persons in the position of Triff and Sterrett might well be so unjustifiable as to be violative of due process. See Bolling v. Sharpe, 347 U.S. 497, 499, 74 S.Ct. 693.

However, we do not meet this problem, or need to find an answer to the question thus posed, for we are satisfied that the interpretation placed upon § 6(j) by the appellants is the correct one.

During the period when the same provision was in effect as a part of the 1940 Act, the Regulations made substantially the same provision for a reference to the Department of Justice as that quoted in footnote 1, supra.[6] Subsequent to the enactment of the present section in 1948, and until the amendment of June 18, 1952, the Regulations, as we have indicated, provided for the Department of Justice hearing in all cases where the appeal board initially denied the conscientious objection claim, and without discrimination or limitation with respect to those registrants who had been successful before the local board.

■ Such had been the interpretation of this provision of the Act of Congress for a period of approximately twelve years. Such interpretations by those charged with the Act's administration are entitled to persuasive weight. Billings v. Truesdell, 321 U.S. 542, 552, 64 S.Ct. 737, 88 L.Ed. 917; United States v. Alabama G. S. Railroad Co., 142 U.S. 615, 621, 12 S.Ct. 306, 35 L.Ed. 1134; Luckenbach S. S. Co. v. United States, 280 U.S. 173, 181, 50 S.Ct. 148, 74 L.Ed. 356; Louisville & N. R. Co. v. U. S., 282 U.S. 740, 757, 51 S.Ct. 297, 75 L.Ed. 672. In other words, the construction of the Act for which the appellants here argue is the same construction which the officers charged with its ad-

4. See Senate Report 1268, 80th Cong. 2nd Sess., May 12, 1948, accompanying Senate Bill 2655: "This section reenacts substantially the same provisions as were found in subsection 5(g) of the 1940 act." U. S. Congressional Service, 80th Cong., 2nd Sess., 1948, Vol. 2, p. 2002.

5. "* * * Upon the filing of such appeal, the appeal board is directed forthwith to refer the matter to the Department of Justice for an inquiry and hearing. After appropriate inquiry by the proper agency of the Department of Justice, a hearing is to be held by the Department with respect to the character and good faith of the objections." 86 Cong.Rec. 12038 and 12082, 76th Cong., 3d Sess.

6. See for example § 627.25(4) of Title 32,

1943 Supp. to Code of Federal Regulations: "If it determines not to place such registrant in one of the classes set forth in § 623.21 or in Class IV-E or in Class I-A-O under the circumstances set forth in subparagraphs (1), (2) or (3) above, it shall transmit the entire file to the United States Attorney for the judicial district in which is located the office of the board of appeal for the purpose of securing an advisory recommendation from the Department of Justice." For an earlier regulation which likewise provided for a reference to the Department of Justice without any exception in respect to persons classified as conscientious objectors by the local board, see 1940 Supplement Code of Federal Regulations, Title 32, § 603.375.

ministration had placed upon it for this considerable period of time.

 There is a further reason why we think we must thus construe the Act. When Congress substantially reenacted the provisions of the 1940 Act, the Administrative Regulations thus interpreting and construing the Act and long continued without substantial change will be deemed to have received Congressional approval. It has been said that in similar cases the Regulations have the effect of law. Helvering v. Winmill, 305 U.S. 79, 83, 59 S.Ct. 45, 83 L.Ed. 52; United States v. Zazove, 334 U.S. 602, 623, 68 S.Ct. 1284, 92 L.Ed. 1601; Hartley v. Commissioner, 295 U.S. 216, 220, 55 S.Ct. 756, 79 L.Ed. 1399.

It has been held that the conviction of a registrant for refusal to submit to induction must be set aside where the registrant has been denied his right to a personal appearance before the local board. Davis v. United States, 6 Cir., 199 F.2d 689, 691. Cf. Knox v. United States, 9 Cir., 200 F.2d 398. For a like reason we hold that these appellants were denied substantial legal rights when they were denied an opportunity for an investigation and hearing by the Department of Justice. It is of no consequence that the appeal board is not compelled to accept the recommendation of the Department. The provision for that hearing is one enacted for the benefit of the registrant, see White v. United States, 9 Cir., 1954, 215 F.2d 782, and a denial of such a hearing is fatal to the induction order.

In each of these cases the Department's refusal to hold a hearing preceded the June 18 amendment of the Regulations. The fact that in each case the appeal board made its classifications subsequent to the amendment of the Reg-

ulation does not aid the Government's case.[7] In view of what we here hold not only was the Department of Justice in error in refusing to hold a hearing but so much of the Regulation as would purport to deny such a hearing to these registrants was itself unauthorized by the statute.

Since what we have said means that the judgments here cannot stand it is unnecessary that we consider other specifications of error made by these appellants.

The judgments in these two cases are reversed.

---

7. In an opinion by Judge Ridge, quoted at length in Weaver v. United States, 8 Cir., 210 F.2d 815, (reversing Judge Ridge on other grounds), it was held (1) that this amendment of the Regulations was a valid one, and (2) that an appeal board's action on an appeal pending on the date when the amendment was made,

if such action was taken after that date, was not wanting in due process. In support of point (2) Judge Ridge cited United States ex rel. Brandon v. Downer, 2 Cir., 139 F.2d 761. It is evident that Judge Ridge's view of the meaning of the Act differs from ours.