James Aaron **BLEVINS**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 14189.

United States Court of Appeals
Ninth Circuit.

Nov. 26, 1954.

' J. H. Brill, San Francisco, Cal., Hayden C. Covington, Brooklyn, N. Y., for appellant.

Lloyd H. Burke, U. S. Atty., Richard H. Foster, Donald G. Constine, Asst. U. S. Attys., San Francisco, Cal., for appellee.

Before HEALY and POPE, Circuit Judges, and YANKWICH, District Judge.

POPE, Circuit Judge.

Blevins was charged and convicted of the offense of knowingly refusing to submit to induction under the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 451 et seq. In his appeal here the appellant claims that the classification given him by the local board on order of the appeal board is arbitrary, capricious and without basis in fact.

Careful examination of registrant's file shows the following facts: In his classification questionnaire filed with his local board in Ely, Nevada, the registrant stated that he was a minister of religion, a member of Jehovah's Witnesses, regularly serving as such, and that he was conscientiously opposed to participation in war. Subsequently he filed the Special Form for Conscientious Objector furnished to him. In this he set forth his religious beliefs. These, he stated, came "through an intensive study of the Bible" and were a part of his "worship of Jehovah God". He added: "I am not a 'pacifist' and believe in the use of force when needed for self-defense. However, I do not condone the wholesale slaughter of men as carried on by the nations of the earth. God favors no political nation as against another like nation, and a like attitude is required of all persons who have consecrated themselves to do God's will." On this information the local board classified Blevins I-A-O, and later, on his further objection, placed him

in Class I-O, that is, as exempt from both combatant and non-combatant military service.

Registrant thereupon appealed to the appeal board claiming that he should have been classified in Class IV-D,—as a minister.[1] It does not appear that he requested or had any personal appearance before the local board. When his appeal papers were transmitted by the local board to the appeal board the accompanying letter in addition to explaining why the board rejected registrant's claim for a ministerial classification stated:

"Submitted herewith the appeal of the above named subject registrant and in consideration of various correspondence by himself and his mother. We are of the opinion that he does not qualify for IV-D classification mistaking the referred in his letters as (IV-E) for the reasons that his records reveal lack of qualification under SSS Reg. 1622.-43.

"Nor do we find justification for any other classification than the I-O as requested in this letter dated 11-28-51 for the reason that his whole objection seems only philosophical, moral and personal.
*　*　*　*　*　*

"Please be referred to SSS Form dated 19 June, 1951, Paragraph 5, where he believes in the use of force when needed. * * *

"This appeal is forwarded herewith in accordance with Part 1626, SSS Regulations (Appeal to the Appeal Board). This LB retained the Reg. in Class I-O after much consideration and feels that he should fulfill his obligation to his country."

On February 6, 1952, the appeal board referred the file to the Department of Justice for a hearing and recommendation.[2] The United States Attorney sub-

---

1. His appeal papers mistakenly referred to Class IV-E but both the local board and the appeal board were informed of this mistake.

2. The record shows no finding by the appeal board at that time that registrant

mitted the file to the Nevada Hearing Officer, with a request for hearing, on April 29, 1952. On May 20, 1952, the United States Attorney returned the file to the appeal board stating that since registrant had been given a I–O classification by the local board it was the view of the Attorney General that the Department was without jurisdiction to grant the registrant a hearing.[3] The appeal board then on June 18, 1952,[4] proceeded to classify the registrant and reported its findings and decision in a letter of that date addressed to the local board. The appeal board recited that it: "concurs fully in the findings of facts made by the local board;" it felt that a proper application of the law required a classification of I–A which it gave the registrant. Among other things it relied upon registrant's statement that he is not a pacifist and believes in the use of force when needed for self defense. It found that registrant was not a minister and that he was not a conscientious objector and it felt that registrant "did not have a religious belief such as is required by that section sufficient to constitute him a conscientious objector; more specifically his belief in a relation to a Supreme Being did not involve duties superior to those arising from *any* human relationship at least to the extent that the registrant declared himself willing to fight in self-defense. * * * The appeal board concurred with the local board that his views were essentially philo-sophical and merely a personal moral code and not a religious belief."

We note that at the time of this letter by the appeal board it had for the first time made the determination called for by the Regulations § 1626.25(a) (4) mentioned above, although it was sought, as pointed out in Sterrett v. United States, supra, to supersede that Regulation on that day. At any rate, the I–A classification then given by the appeal board was the classification finally given to the registrant and his order to report for induction was based thereon.[5]

■■ This action of the appeal board was predicated in part upon that board's finding in concurrence with the local board that registrant's views were essentially philosophic and merely a personal moral code and not a religious belief. It is sufficient to say that there is no basis in the record for any such conclusion since both the local board and the appeal board based their classifications solely upon the written record and the statements and disclosures made by the registrant show beyond controversy that his claim of conscientious objection were based upon his Bible study and his belief in God. The appeal board also predicated this conclusion upon registrant's statement that he believed in self-defense. This, again, furnishes no basis for a denial of conscientious objection as we have held in Hinkle v. United States, 9 Cir., 216 F.2d 8.

■ Furthermore, under the rule stated in the case of Sterrett v. United

was not entitled to classification in Class I–O as contemplated by Regulations, Title 32, § 1626.25(a) (4). The transmittal of the file at this time was therefore in violation of § 1626.25(b) which recited: "No registrant's file shall be forwarded to the United States Attorney * * * unless in the 'minutes of action by local board and appeal board' * * * the record shows * * * that the appeal board reviewed the file and determined that the registrant shall not be classified in either Class I–A–O or Class I–O."

3. This letter was in substance the same as that set forth in Sterrett v. United States, 9 Cir., 216 F.2d 659.

4. This is the date of the amended Regulation discussed in Sterrett v. United States, supra, note 3.

5. The record shows that following the action of the appeal board an attempt was made to secure a review by the Presidential appeal board and that the State Director of Selective Service stayed his induction for a period of time to permit a review of his file. The National Director directed the local board to reconsider the classification with some new evidence submitted after the taking of the appeal, but the local board refused to reopen the case or to reclassify Blevins.

States, supra, and Triff v. United States, 9 Cir., 216 F.2d 659, decided with Sterrett v. United States, registrant was refused the hearing by the Department of Justice which the statute required. Upon the authority of these two cases the judgment here cannot stand.

Reversed.