## UNITED STATES ex rel. BRANDON v. DOWNER, Colonel, U. S. A.

### No. 210.

Circuit Court of Appeals, Second Circuit.

Jan. 7, 1944.

---

Julien Cornell, of New York City, for appellant.

Harold M. Kennedy, of Brooklyn, N. Y. (Vine H. Smith and Anthony G. Greco, both of Brooklyn, N. Y., of counsel), for appellee.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■ 1. Were it not for the incident of the eye examination we would be obliged to reverse, for in that event appellant would unquestionably have been a conscientious objector within the statute as we recently construed it in United States v. Kauten, 2 Cir., 133 F.2d 703, 708. The Appeal Board, according to the testimony of its chairman, gave as one ground for its decision an interpretation opposed to ours. But the Board gave as another ground its conclusion that the eye-examination incident showed the insincerity of appellant's convictions. Judge HAND and I would have decided otherwise, had we been members of the Board; we would have agreed with the hearing officer that a single instance of a deviation from a principle does not demonstrate a lack of serious devotion to that principle, for even a saint may have a momentary lapse from his faith. But we are not the Board, and on such a subject reasonable men can differ. As, therefore, we cannot say that the Board's decision was arbitrary and capricious, we cannot say that its decision lacked all legality.

■ 2. Appellant argues in effect that the Appeal Board and the Directors were obliged to adopt the views of the Hearing Officer; that contention lacks merit since the statute and the Regulations specifically provide that the Hearing Officer's recommendations are to be purely advisory and may be disregarded.

■ 3. Appellant complains that he was not represented at the hearing by a lawyer and that the hearing was not public; assuming arguendo that he could have demanded that he be represented by a lawyer and that the hearing be public, he made no such demands. He also objects that he was not given access to the report of the F. B. I. Section 5(g) of the statute calls for a reference to the Department of Justice "for inquiry and hearing" and provides that "after appropriate inquiry" a hearing shall be held. It was therefore proper for the Department of Justice, through the F. B. I., to make an inquiry and proper that the hearing officer should consider the results of such inquiry; moreover, the Hearing Officer's report disclosed that there was nothing unfavorable in the F. B. I.'s report other than the incident as to the eye-examination which was fully disclosed to appellant. The F. B. I. report was not included in the record before the Appeal Board or the Director, and appellant made no effort to subpoena the F. B. I.'s report at the trial in the court below. Appellant makes some suggestion with respect to the minutes of the Hearing Officer but he offered no proof that there were such minutes nor did he endeavor

to subpoena them if there were any. There is no merit to the suggestion that the Appeal Board did not see and examine appellant; neither the statute nor the Regulations make any such requirement; appellant was seen and heard by the Hearing Officer.

■ 4. Appellant argues that the appeal taken by the State Director to the President was not properly considered because the decision was made by General Hershey, the Director of Selective Service, who was a military officer. In this connection appellant points to a provision of § 10(a) (2) of the statute that the President "shall establish within the Selective Service System civilian local boards and such other civilian agencies, including appeal boards and agencies of appeal, as may be necessary. * * * Appeal boards and agencies of appeal within the Selective Service System shall be composed of civilians * * *"; and appellant also points to the portion of § 10(a) (3) which refers to "any officer * * * of the Army, Navy, Marine Corps, or Coast Guard * * * who may be assigned or detailed to any office or position to carry out the provisions of this Act (except to offices or positions on local boards, appeal boards, or agencies of appeal established or created pursuant to section 10(a) (2) * * *)." He argues that the action of the President in delegating the power to pass on Presidential appeals to General Hershey violated those provisions of the Act. We need not pass upon that question. For Congress, on December 3, 1943, amended the pertinent portions of § 10(a) (2) to read "civilian local boards, civilian appeal boards, and such other agencies, including agencies of appeal, as may be necessary. * * * Appeal boards within the Selective Service System shall be composed of civilians. * * *" It also then amended the pertinent portion of § 10(a) (3) by deleting from the above-quoted parentheses the words "agencies of appeal." Assuming arguendo that the appeal was not properly considered under the statute as it read prior to this recent amendment, a reversal

in the instant case on that ground would merely mean that General Hershey would now reconsider the matter with doubtless the same result. The question is therefore academic.

■ 5. Appellant also argues that General Hershey improperly left the decision to a committee of military officers. But the record shows that General Hershey regarded the report of those officers as merely advisory, for, in his affidavit, he states that the entire file together with their recommendations was considered by him and that he made the decision refusing to overrule the decision of the Appeal Board.[4]

Affirmed.

### Appendix

Pertinent Provisions of the Statute and Regulations

#### Statute

Section 5(g).

"Nothing contained in this Act shall be construed to require any person to be subject to combatant training and service in the land or naval forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form. Any such person claiming such exemption from combatant training and service because of such conscientious objections whose claim is sustained by the local board shall, if he is inducted into the land or naval forces under this Act, be assigned to noncombatant service as defined by the President, or shall, if he is found to be conscientiously opposed to participation in such noncombatant service, in lieu of such induction, be assigned to work of national importance under civilian direction. Any such person claiming such exemption from combatant training and service because of such conscientious objections shall, if such claim is not sustained by the local board, be entitled to an appeal to the appropriate appeal board provided for in section 10(a) (2) * * *. Upon the filing of such appeal with the appeal board, the appeal board shall forthwith refer the matter to the Department of Justice for

---

[4] The statute of December 3, 1943 amended § 10(b) to read as follows: "The President is authorized to delegate to the Director of Selective Service only, any authority vested in him under this Act (except section 9). The Director of Selective Service may delegate and provide for the delegation of any authority so delegated to him by the President and any other authority vested in him under this Act, to such officers, agents, or persons as he may designate or appoint for such purpose or as may be designated or appointed for such purpose pursuant to such rules and regulations as he may prescribe. * * *"

inquiry and hearing by the Department or the proper agency thereof. After appropriate inquiry by such agency, a hearing shall be held by the Department of Justice with respect to the character and good faith of the objections of the person concerned, and such person shall be notified of the time and place of such hearing. The Department shall, after such hearing, if the objections are found to be sustained, recommend to the Appeal Board (1) that if the objector is inducted into the land or naval forces under this Act, he shall be assigned to noncombatant service as defined by the President, or (2) that if the objector is found to be conscientiously opposed to participation in such noncombatant service, he shall in lieu of such induction be assigned to work of national importance under civilian direction. If after such hearing the Department finds that his objections are not sustained, it shall recommend to the appeal board that such objections be not sustained. The appeal board shall give consideration to but shall not be found to follow the recommendation of the Department of Justice together with the record on appeal from the local board in making its decision. Each person whose claim for exemption from combatant training and service because of conscientious objections is sustained shall be listed by the local board on a register of conscientious objectors."

Section 10(a).

"The President is authorized—

"(1) to prescribe the necessary rules and regulations to carry out the provisions of this Act;

"(2) to create and establish a Selective Service System, and shall provide for the classification of registrants and of persons who volunteer for induction under this Act on the basis of availability for training and service, and shall establish within the Selective Service System civilian local boards and such other civilian agencies, including appeal boards and agencies of appeal, as may be necessary to carry out the provisions of this Act. There shall be created one or more local boards in each county or political subdivision corresponding thereto of each State, Territory, and the District of Columbia. Each local board shall consist of three or more members to be appointed by the President, from recommendations made by the respective Governors or com-

parable executive officials. No member of any such local board shall be a member of the land or naval forces of the United States, but each member of any such local board shall be a civilian who is a citizen of the United States residing in the county or political subdivision corresponding thereto in which such local board has jurisdiction under rules and regulations prescribed by the President. Such local boards, under rules and regulations prescribed by the President, shall have power within their respective jurisdictions to hear and determine, subject to the right of appeal to the appeal boards herein authorized, all questions or claims with respect to inclusion for, or exemption or deferment from, training and service under this Act of all individuals within the jurisdiction of such local boards. The decisions of such local boards shall be final except where an appeal is authorized in accordance with such rules and regulations as the President may prescribe. Appeal boards and agencies of appeal within the Selective Service System shall be composed of civilians who are citizens of the United States. No person who is an officer, member, agent, or employee of the Selective Service System, or of any such local or appeal board or other agency, shall be excepted from registration, or deferred from training and service, as provided for in this Act, by reason of his status as such officer, member, agent, or employee;

"(3) to appoint by and with the advice and consent of the Senate, and fix the compensation at a rate not in excess of $10,000 per annum, of a Director of Selective Service who shall be directly responsible to him and to appoint and fix the compensation of such other officers, agents, and employees as he may deem necessary to carry out the provisions of this Act: Provided, That any officer on the active or retired list of the Army, Navy, Marine Corps, or Coast Guard, or of any reserve component thereof or any officer or employee of any department or agency of the United States who may be assigned or detailed to any office or position to carry out the provisions of this Act (except to offices or positions on local boards, appeal boards, or agencies of appeal established or created pursuant to section 10(a) (2) * * * may serve in and perform the functions of such office or position without loss of or prejudice to his status as such officer in the Army,

Navy, Marine Corps, or Coast Guard or reserve component thereof, or as such officer or employee in any department or agency of the United States: Provided further, That any person so appointed, assigned or detailed to a position the compensation in respect of which is at a rate in excess of $5,000 per annum shall be appointed, assigned or detailed by and with the advice and consent of the Senate: Provided further, That the President may appoint necessary clerical and stenographic employees for local boards and fix their compensation without regard to the Classification Act of 1923 * * *, as amended, and without regard to the provisions of civil-service laws.

"(4) to utilize the services of any or all departments and any and all officers or agents of the United States and to accept the services of all officers and agents of the several States, Territories, and the District of Columbia and subdivisions thereof in the execution of this Act."

Section 10(b).

"The President is further authorized, under such rules and regulations as he may prescribe, to delegate and provide for the delegation of any authority vested in him under this Act to such officers, agents, or persons as he may designate or appoint for such purpose or as may be designated or appointed for such purpose pursuant to such rules and regulations as he may prescribe."

Regulations

Section 603.71.

Appointment and duties:

(a) For each local board, a government appeal agent shall be appointed by the President, upon recommendation of the Governor. The duties of the person so designated are: To appeal from any classification by a local board which, in his opinion, should be reviewed by the board of appeal; to care for the interests of ignorant registrants and their dependents with respect to appeals and, where the decision of the local board is against the interests of such persons and where it appears that such persons may not take appeals, due to their own nonculpable ignorance, to inform them of their rights, and assist them to enter appeals to the board of appeal; and, after classification, to investigate and report upon matters which are submitted for his investigation by the local board. It shall also be the duty of such government appeal agent, where the interests of justice may require,

to suggest to the local board a reopening of any case and to impart to the local board any information which in his opinion ought to be investigated. The government appeal agent should expedite the examination of the records of registrants as soon as they have been classified by the local board in order that appeals to the board of appeal, where found necessary, may be filed within the time limit specified in the regulations.

Section 627.24.

Review by board of appeal:

(a) The board of appeal shall consider appeals in the order in which they are received;

(b) In reviewing the appeal, no information shall be considered which is not contained in the record received from the local board and the decision of the board of appeal shall be based solely thereon.

Section 627.25.

Special provisions where appeal involves claim that registrant is a conscientious objector:

(a) If an appeal involves the question of whether or not a registrant is entitled to be sustained in his claim that he is a conscientious objector, the board of appeal shall first determine whether the registrant should be classified in one of the classes set forth in section 623.21, in the order set forth, and if it so determines, it shall place such registrant in such class. If the board of appeal does not determine that such registrant belongs in one of such classes, it shall transmit the entire file to the United States district attorney for the judicial district in which the local board of the registrant is located for the purpose of securing an advisory recommendation of the Department of Justice, provided that in a case in which the local board has classified the registrant in Class IV-E or in a case in which the registrant has claimed objection to combatant service only and the local board has classified him in Class 1-A-O, the board of appeal may affirm the classification of the local board without referring the case to the Department of Justice. No registrant's file shall be forwarded to the United States district attorney by any board of appeal and any file so forwarded shall be returned, unless in the "Minutes of Other Actions" on the Selective Service Questionnaire (Form 40) the record shows and the letter of transmittal states that the board of appeal reviewed the file and de-

termined that the registrant should not be classified in one of the classes set forth in Section 623.21;

(b) The Department of Justice shall thereupon make an inquiry and hold a hearing on the character and good faith of the conscientious objections of the registrant. The registrant shall be notified of the time and place of such hearing and shall have an opportunity to be heard. If the objections of the registrant are found to be sustained, the Department of Justice shall recommend to the board of appeal (1) that if the registrant is inducted into the land or naval forces, he shall be assigned to noncombatant service, or (2) that if the registrant is found to be conscientiously opposed to participation in such noncombatant service, he shall be assigned to work of national importance under civilian direction. If the Department of Justice finds that the objections of the registrant are not sustained, it shall recommend to the board of appeal that such objections be not sustained.

(c) Upon receipt of the report of the Department of Justice, the board of appeal shall determine the classification of the registrant, and in its determination it shall give consideration to, but it shall not be bound to follow, the recommendation of the Department of Justice.

## Section 627.26.

Decision of board of appeal:

(b) Such classification of the registrant shall be final, except where an appeal to the President is taken; provided, however, that this shall not be construed as prohibiting a local board from changing the classification of a registrant in a proper case under the provisions of part 626.

## Section 628.1.

Who may appeal to the President from any determination of a board of appeal:

(a) When either the State Director of Selective Service or the Director of Selective Service deems it to be in the national interest or necessary to avoid any injustice, he may appeal to the President from any determination of a board of appeal. He may take such an appeal at any time.

## Section 628.2.

Appeal to the President:

The registrant or any person who claims to be a dependent of the registrant or any person who has filed written information as to the occupational status of the registrant, at any time within 10 days after the mailing by the local board of the Notice of Classification (Form 57), notifying the registrant that the local board classification has been affirmed or changed, may appeal to the President provided the registrant was classified by the board of appeal in either Class 1-A, Class 1-A-O, or Class IV-E and one or more members of the board of appeal dissented from such classification.

## Section 628.4.

Procedure on appeal to the President:

(a) When an appeal to the President is taken, the local board shall (1) notify the registrant that such an appeal has been taken, unless he is the person who took the appeal; (2) if the registrant's file is in its possession, forward the entire file to the State Director of Selective Service; and (3) enter on the Classification Record (Form 100) the date the file is forwarded or the date it receives notice that an appeal has been taken. The local board shall not place in the file any statement or expression of opinion concerning the information in the registrant's file or the reasons for its decision.

(b) When an appeal to the President is taken, the State Director of Selective Service shall check the file which is in his possession or which is forwarded to him to be sure that all procedural requirements have been properly complied with and, if he discovers any procedural defects, return the file for correction. If any infomation has been placed in the file which was not considered by the local board in making the classification from which the appeal to the President is taken, the State Director of Selective Service shall review such information and, if he is of the opinion that such information, if true, would justify a different classification of the registrant, return the file to the local board with instructions to reopen the registrant's classification and classify the registrant anew.

(c) When the State Director of Selective Service has complied with the provisions of (b) above, he shall, unless the file is returned to the local board, forward the file to the Director of Selective Service.