## UNITED STATES ex rel. BEYE v. DOWNER et al.

### No. 375.

Circuit Court of Appeals, Second Circuit.

May 29, 1944.

Harold Johnson, of New York City, for relator-appellant.

Harold M. Kennedy, of Brooklyn, N. Y. (Nathan T. Elliff, of Washington, D. C., and Vine H. Smith, of Brooklyn, N. Y., of counsel), for appellee.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

Appellant, born August 30, 1905, registered with his Local Board in New York City, pursuant to the Selective Training and Service Act, 50 U.S.C.A.Appendix, § 301 et seq. He was given a physical examination by the Board which classified him in Class I-A[1] and so notified him.

---

[1] Selective Service Regulations, 2d ed., § 622.11 provides that every registrant who, upon classification, has not been placed in a deferred class, or is not ineligible for military service, shall be placed in Class 1-A.

From this classification he took no appeal to the Appeal Board. He repeatedly refused to report for induction. He claimed exemption as a conscientious objector, stating that he was a minister of religion; but, after an investigation proved that this contention was groundless, he abandoned it. Indicted for continued failure to report, he consented to do so. The indictment was dismissed on December 31, 1942. Meanwhile he was given another physical examination by the Local Board's examining physician, and on December 21, 1942, was ordered to report for induction on December 28, 1942. He did so. After a medical examination by an army physician, he was rejected on the same day because of "hemorrhoids, external, large, thrombosed."

Appellee admits that the regulations, issued pursuant to the Act, required the Local Board, upon appellant's rejection, to reopen his classification and classify him in Class IV-F.[2] The Local Board did not thus reclassify him. On January 4, 1943, its chairman wrote to Colonel McDermott, New York City Director of Selective Service, narrating briefly the Board's experiences with appellant, and saying: "Much to everybody's consternation, including the F. B. I., the subject was rejected [stating the medical reasons for the rejection]. This man has been a complete nuisance so far as law enforcement is concerned and has wilfully avoided compliance with the Selective Service Act for a long time. Can we, under any circumstances, ask the Army to waive this physical disability so that we may proceed with the subject's induction?" On January 19, 1943, the City Director replied that "in view of the story" told him by the Board, appellant's case had been taken under advisement by a Medical Liaison Officer and the Director and that it had been decided to ask the Board to "resubmit" appellant to the Army induction station. In a letter of the same date, the Director wrote to the officer in charge of the "induction examining team," reciting the facts narrated by the Board, and stating that the Board had asked the Army to "waive" appellant's "physical disability and proceed with his induction as a matter of maintaining morale in the Local Board District"; the letter closed thus: "Will you be good enough to consider the facts in this case in re-estimating his acceptability." On January 22, 1943, the Board ordered appellant to report for induction on January 27. He did so. He was on that same day (a month after his previous rejection) found physically acceptable, and was inducted into the Army. Sometime later, an operation was performed upon him; its results do not appear from the record. On February 4, 1943, a petition for habeas corpus was presented to the district judge by appellant's sister on appellant's behalf, and a writ was issued and served upon appellee. On appellee's return to the writ, appellant's traverse to the return, and the facts agreed upon by the parties, as set forth above, the judge, after a hearing, entered an order dismissing the petition, quashing the writ, and remanding appellant to appellee. From that order appellant brings this appeal.

■ 1. Admittedly, under the Regulations, the Board should have reclassified appellant as IV-F on or about December 28, 1942. It could, of course, immediately have changed his classification to I-A. But, in that event, he would have had a right of appeal. Had he lost that appeal, he would again have been ordered to report for induction and there would have been another army medical finding; while it seems unlikely that, with no showing of any change in his physical condition and no justification for a belief that a lapse of a month's time would alone cure his hemorrhoids, there would have been a second army finding of physical fitness if extraneous irrelevant factors had been ignored, yet such a second medical finding in such circumstances would have been binding on the courts and would have ended the matter. But no such steps occurred. As the Board clearly disregarded the regulations, appellant was improperly inducted.

■ 2. Because, after his improper induction, an operation was performed on appellant, appellee argues that a reversal here will lead to an academic result, citing United States ex rel. Brandon v. Downer, 2 Cir., 139 F.2d 761, 766. But, as the effect of that operation does not appear of record, for all we know, were appellant now classified as I-A, a medical examination would show him to be unfit. Moreover, as appellant is more than 38 years of age, he could not now be inducted into

---

[2] Selective Service Regulations, 2d ed., §§ 622.61, 622.62, provide in substance that any registrant who is found to be physically, mentally, or morally unfit for service, under prescribed standards, shall be placed in Class IV-F.

the armed services because of a Regulation promulgated on March 8, 1943.[3]

CHASE, Circuit Judge (dissenting).

The only issue presented by this appeal is whether reversible error was committed in dismissing the writ of habeas corpus. The burden is on the relator appellant to show that sort of error and I cannot agree that he has done so. What he has done is to show an irregularity in the procedure under which he was inducted into the army when his local draft board failed to go through the seemingly idle motions of changing his classification from I-A to IV-F and then right back to I-A.

This irregularity at most deprived him of a chance to delay his induction by an appeal from the reclassification—an appeal which obviously would have been wholly lacking in merit. But depriving him of a chance to appeal for the sake of delay alone merely prevented his taking a frivolous appeal and deprived him of no legal right.

Even if he is now thirty-eight years of age he has the same rights, and only those, that the law gives others who were lawfully inducted into the army and have since attained that age. For present purposes his age is not material.

I would affirm the order.

---

[3] If there were no physical or other basis for his deferment except age, he would now be classified in Class 1-A(H), a class who "will be the first men over 38 inducted if and when the armed forces determine they can be used in the military establishment." See C. C. H. Man Power Law Service, p. 19,462.