**LLOYD et al. v. DELANEY.**

Civ. A. No. 8002.

United States District Court
D. Massachusetts.

Nov. 3, 1949.

Lawrence Black, Lyons & Black, Boston, Mass., for plaintiffs.

United States Attorney, and W. Arthur Garrity, Jr., Asst. U. S. Attorney, Boston, Mass., for defendant.

WYZANSKI, District Judge.

Claiming the benefits of the provision for "Abatement of Tax for Members of Armed Forces upon Death", Internal Revenue Code, § 421, 61 Stat. 778, 26 U.S.C.A. § 421, plaintiffs seek refunds of taxes paid in 1943 and 1944 by them as trustees under the will of Demarest Lloyd.

Under the terms of a testamentary trust established by Demarest Lloyd in 1937, Demarest Lloyd, Jr., was to receive up to $12,000 a year out of the income until he reached the age of 25, the balance of the income to be added to the corpus of the trust. Provision was made for distribution of the corpus of the trust to young Lloyd; one-third when he reached 25, one-half the balance at 35 and the remainder at 45. In the event he should die before attaining the age of 45, the remaining principal was to be paid to his issue or upon failure of issue to others.

Demarest Lloyd, Jr., was born on July 10, 1919; entered active duty with the Navy on August 4, 1942, and was killed in action on June 12, 1944, 28 days prior to his twenty-fifth birthday. As his sole issue

he left a minor daughter, Tangley Campbell Lloyd.

In 1943 and 1944 the testamentary trustees received substantial income. They paid over to Demarest Jr. all of that income to which he was currently entitled and they added the surplus income to the principal of the trust, in accordance with Article Sixth, sub-paragraph B-4 of the will. Upon this surplus income the United States collected from the trustees net income and victory taxes of $13,920.01 in 1943 and $34,837.70 in 1944. The present suit seeks a recovery of these fiduciary income taxes upon the theory that they enjoy the benefit of the following provision of Internal Revenue Code § 421, 61 Stat. 778, 26 U.S.C.A. § 421:

"In the case of any individual who dies on or after December 7, 1941, while in active service as a member of the military or naval forces of the United States or of any of the other United Nations and prior to January 1, 1948—

"(a) the tax imposed by this chapter shall not apply with respect to the taxable year in which falls the date of his death, or with respect to any prior taxable year (ending on or after December 7, 1941) during any part of which he was a member of such forces; and

"(b) the tax under this chapter and under the corresponding title of each prior revenue law for taxable years preceding those specified in clause (a) which is unpaid at the date of his death (including interest, additions to the tax, and additional amounts) shall not be assessed, and if assessed the assessment shall be abated, and if collected shall be credited or refunded as an overpayment."

The plaintiffs base their argument in large part on the fact that the forgiveness feature of Section 421 applies to taxes "imposed by this chapter", namely, Chapter 1 of U.S.C.A. Title 26. They contend that since Section 161 (which imposes a tax on trust income) is part of Chapter 1, such taxes are also to be forgiven a member of the armed forces dying in active service who is in any way a beneficiary of such a trust.

The short answer is that Section 421 is limited both by its language and its intent to individual income taxes. It does not apply to fiduciary income taxes. While the draftsmanship of the section leaves something to be desired, it is plain enough that the introductory clause is intended to impose two conditions precedent to the operation of the section. First, the tax must be levied on account of the liability of an individual (as distinguished from fiduciary or corporate taxes) and second, that individual must have died while in active service during a prescribed period.

This construction of the statute accords with its purpose of giving a benefit to the estate of a deceased serviceman. A construction which included fiduciary taxes would often work capriciously and extend benefits to persons who could not conceivably have been intended to be the object of the bounty of the Congress or of the serviceman. This can be seen by varying slightly the facts in the case at bar. Suppose the testator had named as the remainderman who would take in the event of Demarest Jr.'s premature death the testator's friend. Surely to grant a tax rebate to trustees for the benefit of such a friend not of the soldier, but of his father would serve no rational purpose that could have commended itself to Congress.

In order to escape this dilemma the taxpayers urge that the statute should be construed to apply to fiduciary taxes if, but only if, the ultimate beneficiary of the refund is to be a close relative of the deceased serviceman. This tortured construction would, of course, satisfy these particular taxpayers because by chance the ultimate beneficiary is the dead serviceman's daughter. But the language of the statute does not lend itself to such specialized application. And such specialized application would be somewhat inconsistent with the way that the statute operates in the case of individual taxes, as can be seen from one illustrative case. If A a soldier died leaving a will naming as his sole legatee B a friend, A's representative gets an abatement of A's taxes even though the beneficiary will be B, a mere friend of A.

Judgment for defendant.