**LLOYD et al. v. DELANEY.**
No. 4480.

United States Court of Appeals
First Circuit.
May 19, 1950.

David W. Richmond, Washington, D. C. (Lawrence Black, Boston, Mass., with him on brief), for appellants.

Sumner M. Redstone, Special Assistant to the Attorney General (Theron Lamar Caudle, Assistant Attorney General, Ellis N. Slack and Robert N. Anderson, Special Assistants to the Attorney General, George F. Garrity, United States Attorney, and W. Arthur Garrity, Jr., Assistant U. S. Attorney, both of Boston, Massachusetts, with him on brief) for appellee.

Before MAGRUDER, Chief Judge, and CLARK and WOODBURY, Circuit Judges.

## MAGRUDER, Chief Judge.

This was an action against a collector of internal revenue to recover income taxes in the amount of $13,920.01 for the year 1943, and $34,837.70 for the year 1944, paid pursuant to the provisions of §§ 161–163 of the Internal Revenue Code, 26 U.S.C.A. §§ 161–163, upon Fiduciary Income Tax Returns filed for those years by testamentary trustees under the will of Demarest Lloyd. The district court gave judgment for the defendant, and the plaintiffs appealed.

The primary beneficiary under the trust was the testator's son, Demarest Lloyd, Jr. It was provided that after said beneficiary shall have attained the age of 21 years, but before he shall have reached 25, the trustees shall pay over to him the net income of the trust "not exceeding the sum of twelve thousand (12,000) dollars per anum (or a proportionate sum for any lesser period of time), and shall accumulate and from time to time add to the principal thereof any net income not so paid"; and that thereafter Demarest Lloyd, Jr., shall be paid the entire net income of the trust until he shall have attained the age of 45. Further, it was provided that one-third of the principal, as increased by any accumulations of income, shall be distributed to Demarest Lloyd, Jr., upon his attainment of 25 years of age, one-half the balance at 35, and the remainder at 45. In the event that he should die before reaching 45, the will stipulated that the remainder of the principal should be paid to his issue, or upon failure of issue to others.

Demarest Lloyd, Jr., was born on July 10, 1919. He entered the Naval service on August 4, 1942, and was killed while on active duty in the Pacific area on June 12, 1944, shortly before his twenty-fifth birthday. As his sole issue he left a minor daughter.

In 1943, and in 1944 up to the date of his death, the trustees paid over to Demarest Lloyd, Jr., all of the income to which he was currently entitled. The substantial surplus income remaining was added to the principal of the trust, as required by the will; and of course such accumulations would have inured ultimately to the benefit of Demarest Lloyd, Jr., except for the event of his premature death.

The income payments which were made to Demarest Lloyd, Jr., during his lifetime, and the taxes resulting therefrom, are not involved in the present suit, such taxes having been either abated or refunded to the estate of Demarest Lloyd, Jr., in accordance with the provisions of § 421 of the Internal Revenue Code, as amended by the Act of August 5, 1947, 61 Stat. 778, 26 U.S.C.A. § 421. What the trustees now seek to recover are the fiduciary income taxes which they paid for the years 1943 and 1944 on the aforesaid surplus income of the trust not distributable to Demarest Lloyd, Jr., but added to the corpus of the trust. They say that the trust estate as a taxable entity is also entitled to the benefits of § 421.

The statutory provision in question, as amended, reads as follows:

"Sec. 421. Abatement of tax for members of armed forces upon death.

"In the case of any individual who dies on or after December 7, 1941, while in active service as a member of the military or naval forces of the United States or of any of the other United Nations and prior to January 1, 1948—

"(a) the tax imposed by this chapter shall not apply with respect to the taxable year in which falls the date of his death, or with respect to any prior taxable year (ending on or after December 7, 1941) during any part of which he was a member of such forces; and

"(b) the tax under this chapter and under the corresponding title of each prior revenue law for taxable years preceding those specified in clause (a) which is unpaid at the date of his death (including interest, additions to the tax, and additional amounts) shall not be assessed, and if assessed the assessment shall be abated, and if collected shall be credited or refunded as an overpayment."

Appellants' argument is that § 421 provides that "the tax imposed by this chapter shall not apply"; that the reference is to Chapter 1 of the Internal Revenue Code; and that Chapter 1 includes not only the income tax which the law levies directly on the income of an individual member of the armed forces, now deceased, but also the income tax levied by § 161 et seq. upon the income of a trust under which such individual is a beneficiary.

We agree with the district court that § 421 is limited both by its language and its intent to individual income taxes, and does not apply to fiduciary income taxes.

Surely Congress did not intend to remit all the taxes imposed by Chapter 1, whether upon individuals, trusts and estates, or corporations. When in subsection (a) Congress refers to "the tax imposed by this chapter", the natural inquiry is, whose tax are they talking about? The answer is found in the limiting language of the introductory clause of the section: "In the case of any individual" who dies in active service, etc. The meaning is the same as if by transposition of language the section had read as follows: "The tax imposed by this chapter in the case of any individual who dies on or after December 7, 1941, while in active service as a member of the military or naval forces of the United States * * * shall not apply with respect to the taxable year in which falls the date of his death, or with respect to any prior taxable year (ending on or after December 7, 1941) during any part of which he was a member of such armed forces."

Before us appellants conceded, though apparently they suggested otherwise to the district court, that under their interpretation of § 421, the remission of taxes to the trust estate would be applicable even though the succeeding beneficiary in the event of the death of Demarest Lloyd, Jr., were not, as here, the issue of the deceased serviceman, but a friend of the testator. As stated by the district court:

"Surely to grant a tax rebate to trustees for the benefit of such a friend not of the soldier, but of his father would serve no rational purpose that could have commended itself to Congress." The interpretation adopted by the district court is implicit in § 29.421-1 of Treasury Regulations 111 [as added by T.D. 5305, 1943 Cum. Bull. 260, and amended by T.D. 5645, 1948-2 Cum. Bull. 14]. Reference to the legislative history is hardly necessary in so clear a case; the committee reports only serve to re-enforce the conclusion we have reached. Section 421 was first added to the Internal Revenue Code by § 8 of the Current Tax Payment Act of 1943, 57 Stat. 149. The conference report states that the purpose of the provision was "to relieve a member of the military or naval forces of the United States who dies on or after December 7, 1941, in active service, from the liability for the tax imposed by chapter 1 * * *". H. Rep. No. 510, 78th Cong., 1st Sess., pp. 68-69. See to the same effect S. Rep. No. 221, 78th Cong., 1st Sess., pp. 48-49. As originally enacted, § 421 contained no provision for the refund of taxes of earlier years which had already been paid by the deceased serviceman prior to his death. This was later perceived to be a defect in the law, because the result was to encourage members of the armed forces to delay the payment of their income taxes for the practical reason that in the event of death while in service the taxes paid prior to death (except amounts paid for the taxable year in which the death occurred) would not be refunded, while any taxes unpaid at death were canceled and abated. Accordingly, § 421 was amended to its present form by the Act of August 5, 1947, 61 Stat. 778. The Committee on Ways and Means, referring to the amendatory bill as "relating to the income-tax liability of members of the armed forces dying in the service," states that the effect of the amendment "is that income taxes paid by a member of the

armed forces who died on or after December 7, 1941, while in service, will be refunded with respect to any taxable year (ending on or after December 7, 1941) during which the decedent was a member of the armed forces." H. Rep. No. 1006, 80th Cong., 1st Sess., pp. 1-2. See also S. Rep. 711, 80th Cong., 1st Sess., pp. 1-2. The legislative history all indicates that what Congress was concerned with was the individual income tax liability of members of the armed forces dying in active service.

The judgment of the District Court is affirmed.