**LUPIA'S ESTATE et al. v. MARCELLE.**

**Civ. No. 12514.**

United States District Court
E. D. New York.

Sept. 11, 1952.

Leon London, New York City, for plaintiffs.

Frank J. Parker, U. S. Atty., Brooklyn, N. Y., Frederic G. Rita, Sp. Asst. to Atty. Gen., for defendant.

KENNEDY, District Judge.

The plaintiff sues for a refund of taxes said to have been erroneously paid by the Estate of Raymond Lupia, the amount being $2,039.52. The calendar year 1945 is involved. Lupia was killed in action on Leyte on January 7, 1945. He was a member of the Metro Coat & Suit Co., a partnership, which filed its tax returns on the basis of a fiscal year in this case ending June 30, 1945. For that year (calendar 1945) Lupia was entitled to $7,916.61 and his estate to $8,184.05. No tax was paid on the first item; but the amount of $2,039.52 was paid by the estate on the basis of the second item ($8,184.05). It is now claimed that by virtue of the provisions of the Internal Revenue Code, Current Tax Payment Act of 1943, c. 120, § 8, 57 Stat. 126, amended by the Act of August 5, 1947, c. 496, 61, Stat. 778, 26 U.S.C.A. § 421, the tax was erroneously paid. The relevant section of the statute provides that in the case of any individual who dies after December 7, 1941, while in active service as a member of the military or naval forces of the United States the tax imposed "by this chapter" shall not apply with respect to "the taxable year in

which falls the date of his death". The government takes the position that only the individual is exempt—that his estate remains liable. The complaint which is now attacked by a motion to dismiss is framed on the theory that any tax, whether against the individual or the estate, is abated so long as it covers the taxable year in which falls the date of decedent's death.

The government concedes that there is at least one authority, Bickerstaff v. Allen, D.C.M.D.Ga., 1952, 102 F.Supp. 840, which squarely supports plaintiff's contention. A very narrow question of statutory construction is involved.

As I see it, that question is whether the language of the statute abating taxes for "the taxable year in which falls the date of * * * death" is to be given its normal natural meaning, or whether by unwarranted emphasis upon the word "individual" it is possible to take away with one hand what has been given with the other. The purpose of the enactment, it is clear, was to relieve those dying in the service against the burden of tax for the year in which they died. It would be quite anomalous, no matter what speeches may have been made while the legislation was being framed, to say that this bounty should be withheld so far as the "estate" of the deceased veteran is concerned . I am in complete agreement with what Judge Hoyt says in the Bickerstaff case.

The motion is, therefore, denied.