## ALLEN v. BICKERSTAFF.

### No. 14063.

United States Court of Appeals Fifth Circuit.

Nov. 29, 1952.

William L. Norton, Jr., Sp. Asst. to Atty. Gen., Ellis N. Slack, Act. Asst. Atty. Gen., John P. Cowart, U. S. Atty., Macon, Ga., for appellant.

A. Edward Smith and J. Madden Hatcher, Columbus, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

This appeal, arising from a suit to recover income taxes claimed to have been paid erroneously, presents only a single question. This is, as properly posed by the trial Court, "whether, in the case of an individual coming within its provisions, [former] Section 421 Internal Revenue Code forgives all of the income tax due by both the deceased and his estate for the normal 12 months tax year within which his

death falls, or whether the forgiveness clause of [former] Section 421 is limited to those income taxes due by the deceased himself up to the date of his death." This section is set forth in the margin.[1] The taxes involved are income taxes for 1945. The trial Court, for reasons stated in its memorandum opinion,[2] held that by the statute Congress intended "to forgive all income taxes accruing during the twelve month period commencing with the close of the last taxable year prior to his [a serviceman's] death, whether those taxes were assessed against the deceased or his estate". Appellant insists that this section was intended to exempt from taxation only such income as was received by, or accrued to, the serviceman up until the date of his death while in active service and does not include income of his estate, since an estate is a distinct entity,[3] and the statute forgives only the individual liability of the deceased serviceman.

We are unable to discern in the language of the statute any evidence of Congressional intent to abate or forgive income tax due by any taxable entity other than the individual serviceman. The statute is expressly restricted to the case "of any individual" who dies in active service. We find no warrant in the statute for holding that the abatement extends also to the income tax due by such an individual's estate. The statute relates to individual liability and not estate liability. The two are entirely different, as is well recognized by the provisions of the Internal Revenue Code.[4] The statute in question [5] deals with individual liability and its language "taxable year in which falls the date of his death" does not provide an entension of the abatement or forgiveness to include all taxes which the serviceman would otherwise have been required to pay had he lived. Such a construction would be necessary to support a holding that the abatement related to the estate for the remainder of the taxable year in which the serviceman died, as well as to those which accrued during the lifetime of the individual.[6] "Taxable year" as defined by the statute may mean either a whole or a fractional year,[7] and the use of this term is not sufficient to authorize importation of estate liability into the exemption provided for individual liability.

It follows that the trial Court erred in holding that the statute abated income taxes other than those owing by the individual at the time of his death.

Judgment reversed.

1. 57 Stat. 149, 61 Stat. 778, former Section 421 of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Acts.

"Abatement of Tax for Members of Armed Forces Upon Death.

"In the case of any individual who dies on or after December 7, 1941, while in active service as a member of the military or naval forces of the United States or of any of the other United Nations and prior to January 1, 1948—

"(a) the tax imposed by this chapter shall not apply with respect to the taxable year in which falls the date of his death, or with respect to any prior taxable year (ending on or after December 7, 1941) during any part of which he was a member of such forces; "

2. Reported at 102 F.Supp. 840, 842.

3. Section 161, Internal Revenue Code, 26 U.S.C.A. § 161.

4. Compare Internal Revenue Code Sections 11 and 12 with Section 161, 26 U.S.C.A. §§ 11, 12, 161.

5. Footnote 1, supra.

6. Cf. Lloyd v. Delaney, 1 Cir., 181 F.2d 941.

7. Section 48(a), Internal Revenue Code, 26 U.S.C.A. § 48(a).