## LUPIA'S ESTATE v. MARCELLE.

Civ. 12514.

United States District Court
E. D. New York.

Jan. 2, 1953.

Leon London, New York City, for plaintiffs.

Frank J. Parker, U. S. Atty. Eastern Dist. of New York, Brooklyn, for defendant, Frederic G. Rita, Sp. Asst. to Atty. Gen.

BYERS, District Judge.

This is a plaintiffs' motion to strike the answer and for summary judgment according to the prayer of the complaint in an action to recover payment of federal income tax. It was argued on October 29, and decision was deferred at the suggestion of both sides, pending the outcome of an appeal then pending in the Fifth Circuit, 200 F.2d 181, in the case of Bickerstaff v. Allen, D.C., reported in 102 F.Supp. 840.

That appeal was decided November 29, 1952 and a copy of the opinion reversing the decision of the District Court was filed with the undersigned on December 8, 1952.

The question of law there involved is identical with the one here, and the facts are so closely parallel as to preclude differentiation.

The issue was presented to former Judge Kennedy of this Court on September 3, 1952 in a defendant's motion to dismiss, which was denied by him eight days thereafter. Lupia's Estate v. Marcelle, D.C., 107 F.Supp. 552, 553.

His opinion followed the Bickerstaff ruling below, and concluded with the observation: "I am in complete agreement with what Judge Hoyt (Chief Judge T. Hoyt Davis) says in the Bickerstaff case."

The instant facts are not in dispute:

Raymond Lupia, the decedent above named, a United States Army Technical Sergeant, was killed in action on January 7, 1945.

Lupia filed his income tax returns on a calender year basis. At the time of his death he was a general partner of Metro Coat & Suit Co., a limited partnership, whose tax year ran from July 1, 1944 to June 30, 1945.

The tax return for the partnership for the fiscal year ended June 30, 1945 shows Lupia's share of the income to be $8,184.05

for the period from January 7, 1945 (the date of Lupia's death) to June 30, 1945.

The plaintiffs filed a "Fiduciary Income Tax Return" for the calender year 1945 reporting that amount, upon which a tax of $2,039.52 was paid.

Plaintiffs now seek a refund of that payment since the income of a soldier is exempt from income taxes for the entire year in which his death occurred, according to 57 Stat. 149, 61 Stat. 778, former Section 421 of the Internal Revenue Code, 26 U.S.C. § 421, which reads:

"Abatement of Tax for Members of Armed Forces Upon Death.

"In the case of any individual who dies on or after December 7, 1941, while in active service as a member of the military or naval forces of the United States or of any other United Nations and prior to January 1, 1948—

"(a) the tax imposed by this chapter shall not apply with respect to the taxable year in which falls the date of his death, or with respect to any prior taxable year (ending on or after December 7, 1941) during any part of which he was a member of such forces; * * *."

In the absence of controlling authority in this Circuit, the present task is deemed to require decision of this case anew, as though there had been no earlier ruling, although the plaintiffs urge that within these pleadings, the law has been settled. If that view were to prevail, despite the course of decision elsewhere, this Court could disclaim any responsibility for the further course of this litigation, which, however convenient, would be scarcely circumspect.

■■ The latest opinion in the Bicker-staff case has been studied with care, and no lack of deference is intended by the statement that it does not seem to meet or even discuss the point made in the opinion of Judge Davis in the following language, 102 F.Supp. 840, at page 842:

"Since the serviceman must be deceased before the benefits accrue, his estate could be the only intended beneficiary of the forgiveness feature of the Section."

That is the heart of the matter, as Congress was doubtless aware, and is not to be avoided by reference to the estate as a "taxable entity other than the individual serviceman."

It is too clear for argument that Congress intended to stay the hand of the tax gatherer in favor of one who should have paid "the last full measure of devotion" to that Government whose fiscal agent is proverbally inexorable, "with respect to the taxable year in which falls the date of his death." The taxable year was 1945, as has been stated, and since, as Judge Davis observes, the only ones who could possibly derive benefit from the benign aim of the statute would be his beneficiaries, it follows that the purpose should be given effect unless violence thereby would be done to the symmetry of the Revenue Law. No such dire consequence would ensue, as I shall try to show:

The concept of a separate taxable entity known as an estate is a convenience for the administration of the taxing statute. Strictly speaking, there is no such legal entity having existence exterior to this statute, although the Revenue Law speaks as though there were. Thus Mr. Justice Stone in Hartley v. Commissioner, 295 U.S. 216 at page 218, 55 S.Ct. 756, at page 757, 79 L.Ed. 1399:

"The revenue acts consistently treat the estate of a decedent in the hands of an administrator or executor as a separate taxpayer. By section 2 of the 1921 Act, 42 Stat. 227, and 1924 and 1926 Acts [26 U.S.C.A. § 3797], the estate of a decedent is embraced within the term 'taxpayer.' Each act specifically provides for taxation of the income of an estate during administration."

So also reads the present statute.

It is one thing for the Revenue Law to provide for its own successful administration by the employment of convenient terms and expressions and even artificial

concepts, but it does not follow that fundamental principles of law are thereby altered. When a man dies his property, other than real estate, vests in his personal representatives for the purposes of administration and distribution; it is necessary to levy an income tax upon them until that process shall have been completed, but no displacement or repeal of the unrelated principles of general law touching the devolution of property is thereby accomplished.

To call executors or administrators an estate, for purposes of the levy and collection of income tax from them, does not add to nor detract from their true legal status; it may be convenient to label that status for such purposes a taxable entity, but no new jural personality emerges from the process; to reason otherwise is to impart to a convenient medium for the assessment and collection of an income tax an essential quality not requisite to accomplish the obvious purpose, and not within the competency of a taxing statute to create.

In other words, there is no inconsistency involved in giving effect to the provision first above quoted as a mitigation of and supplement to Sec. 161 of the Revenue Code which in (a) (3) provides that the federal income tax applies to "Income received by estates of deceased persons during the period of administration or settlement of the estate". In view of the obvious impossibility of accomplishing the immunity thus proclaimed from income tax in these exceptional circumstances—"with respect to the taxable year in which falls the date of his death"—otherwise than by favoring the beneficiaries of a decedent whose death in active service gives rise to the forgiveness from one year's income tax, a construction compatible with that result becomes inevitable.

This construction is thought to give harmonious effect to the manifest purpose of Congress in all related aspects of the law. Thus the plaintiffs' motion to strike the answer, and for summary judgment in their favor, must be granted.

Settle order.