### KING v. UNITED STATES.
### No. 49946.

United States Court of Claims.
June 2, 1953.

William P. McClure and John E. McClure, Washington, D. C., Edward L. Updike, Washington, D. C., on the brief, for plaintiff.

Elizabeth B. Davis, Washington, D. C., H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe and Ellis N. Slack, Washington, D. C., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

JONES, Chief Judge.

This case involves a claim in the amount of $69,094.03, with interest, for refund of income taxes paid by plaintiff as trustee for John McDowell King, deceased. The relevant facts are undisputed.

Plaintiff is the trustee under a trust created for the decedent, by the terms of which the trustee had discretion to distribute the income or to accumulate it for the benefit of the decedent.

The decedent enlisted in the Enlisted Reserve Corps, Army of the United States, on June 29, 1942. Pursuant to orders, he reported for and entered on active duty on January 17, 1943. Except for a formal discharge of one day to accept a commission as Second Lieutenant, in November 1943, the decedent remained on active duty until his death on May 4, 1944, while serving as a member of the 27th Fighter Squadron near San Severo, Italy. By his last will and testament all of his property was devised and bequeathed to his father, plaintiff herein, and mother in equal shares.

Plaintiff, as trustee, filed fiduciary income tax returns for the calendar years 1942, 1943 and the period January 1 to May 31, 1944, in which federal income tax liabilities in the amounts of $69,094.03, $26,247.35, and $11,560.82, respectively, were reported and paid. Subsequent to the death of decedent plaintiff duly filed claims for refund of taxes paid for the above periods upon the ground that such refunds were due under section 421 of the Internal Revenue Code, 26 U.S.C. 1946 Ed. Supp. II, § 421.[1] These claims for refund were rejected and suit was instituted in this court on December 1, 1950.

1. "Sec. 421. Abatement of tax for members of armed forces upon death.
    "In the case of any individual who dies on or after December 7, 1941, while in active service as a member of the military or naval forces of the United States or of any of the other United Nations and prior to January 1, 1948—
    "(a) the tax imposed by this chapter' shall not apply with respect to the taxable year in which falls the date of his death, or with respect to any prior taxable year (ending on or after December 7, 1941) during any part of which he was a member of such forces; and
    "(b) the tax under this chapter and under the corresponding title of each prior revenue law for taxable years preceding those specified in clause (a) which is unpaid at the date of his death (including interest, additions to the tax, and additional amounts) shall not be assessed, and if assessed the assessment shall be abated, and if collected shall be credited or refunded as an overpayment." Repealed September 23, 1950, 64 Stat. 947.

After the passage of Public Law 183, 82d Congress, 1st session, 65 Stat. 517, section 345, 26 U.S.C.A. § 162 note, of which is now the basis of the present claim, the defendant made a refund of the amounts claimed with interest for the year 1943 and the period January 1 to May 31, 1944. Consequently, plaintiff's present claim for refund of $69,094.03, with interest, is related solely to the year 1942.

The controversy between the parties arises from lack of agreement as to the proper construction of section 345 of Public Law 183, supra, which provides as follows:

"In the case of a trust which accumulated income for a beneficiary who died on or after December 7, 1941, and before January 1, 1948, while in active service as a member of the military or naval forces of the United States or of any of the other United Nations, there shall be allowed as a deduction in computing the net income of such trust (in addition to other deductions allowable under sections 23 and 162 of the Internal Revenue Code) income of the trust for any taxable year (before diminution for income tax) which was accumulated for such beneficiary if—

"(1) the income accumulated was for a taxable year of the trust which ended with or within a taxable year (ending on or after December 7, 1941) *of such beneficiary during any part of which he was a member of such military or naval forces*, or, in the case of the taxable year of the trust during which such beneficiary died, the income accumulated was for the period in such taxable year prior to the death of such beneficiary; and

"(2) the amount of such accumulated income was, without regard to this section, taxable to the trust, and

"(3) the income for such taxable year accumulated for the beneficiary, if not distributed to him prior to his death, was payable by the trust at or after his death only to his estate, spouse, or lineal ancestors or descendants."
[Italics supplied.]

The sole issue is whether or not the decedent was a member of "such military or naval forces" as that phrase is used in the statute.

It is defendant's position that the Enlisted Reserve Corps is not ordinarily considered a part of the "military * * * forces" in the commonly accepted use of that term, and in any case, the statute here in question requires that the decedent must have been on "active service" during the taxable year for which deduction is sought. On the other hand, plaintiff urges that the statutory requirements are met by showing that plaintiff was a member of the Enlisted Reserve Corps during 1942 since that organization is a part of "military * * * forces" and "active service" is required only for the year of death.

We turn first to the question of the status of the Enlisted Reserve Corps in relation to "military * * * forces", as the latter term is used in the statute before us. Where the legislature has defined the armed forces, reserve components have been included. This is reflected in the following excerpts from statutes defining the composition of the army which were in effect either in 1942 or at the time Congress enacted the statute here in question:

"the Army of the United States shall consist of * * * the Organized Reserves, including * * * the Enlisted Reserve Corps." Act of June 4, 1920, 41 Stat. 759, 10 U.S.C.A. § 2.

"The Organized Reserve Corps shall include * * * the Enlisted Reserve Corps * * *." Act of March 25, 1948, 62 Stat. 89, U.S.Code Cong. Service, 1948, p. 124.

"The Army includes * * * the Organized Reserve Corps; * * *." Act of June 28, 1950, 64 Stat. 268, 10 U.S.C.A. § 1b.

Likewise, the Department of the treasury has defined the "military and naval forces" as including

"* * * all regular and reserve components of the uniformed services which are subject to the jurisdiction of the Secretary of Defense, the Secre-

tary of the Army, * * *." Treasury Regulation 26 CFR 29.3797–11, promulgated March 14, 1951.

■ Defendant has not cited any legislation in which the Enlisted Reserve Corps was excluded from the "military forces of the United States." Instead, reliance is placed entirely on the argument that since reservists were not in uniform, received no compensation, and were not subject to military discipline, except for failure to report when ordered, they would not ordinarily be considered members of the military forces in the commonly accepted use of that term. If it is assumed that reservists are in fact excluded from the military forces in the "commonly accepted use of the term", the statutory excerpts reproduced above make it apparent that the Congress has not accepted any such popular connotation. We feel, therefore, than an enlisted reservist was a member of the military forces in 1942, within the purview of section 345.

■ It is further contended that inasmuch as section 345, supra provides a deduction for the year of death of a serviceman who dies in "active service as a member of the military * * * forces", then extends the privilege to prior years during any part of which "he was a member of such military * * * forces", we must logically conclude that Congress intended active service to be a prerequisite for relief in all periods involved. Such a conclusion does not necessarily follow. The statute, on its face, makes no such requirement. Nor is it illogical to set up certain stringent prerequisites before granting any relief whatsoever and then allowing more lenient provisions for other periods, once the original operative fact requirements have been met. This approach to tax relief for servicemen can be clearly seen in a House report on the 1947 amendment to section 421 of the Internal Revenue Code, supra, properly cited by defendant as a statute *in pari materia* with section 345 here

in issue. Reference to the legislative history and construction[2] of section 421 is perhaps justified in view of the paucity of interpretive expressions concerning section 345. Section 421 uses language similar to that of section 345, the latter granting the same relief for trusts which the former contemplates for individual income. The House Ways and Means Committee placed the following interpretation on section 421 in reporting an amending bill, which was subsequently enacted:

"* * * The bill [H.R. 479] retains the existing provision of section 421 that * * * taxes unpaid at the date of the death of a member of the armed forces shall not be assessed, and if assessed the assessment shall be abated, and if collected shall be credited or refunded as an overpayment. This provision as to unpaid taxes is applicable to any taxable year of the decedent (dying after December 6, 1941, and prior to January 1, 1948, while serving as a member of the armed forces) even though the taxable year for which the taxes are unpaid ended prior to December 7, 1941, and *even though the decedent was not a member of the armed forces during such earlier taxable year.*" House Report No.1006, July 19, 1947, 80th Congress, 1st Session, 1947, U.S.Code Congressional Service, p. 1612. [Emphasis supplied.]

This would seem to dispose of defendant's argument that all tax relief accorded members of the armed forces has been restricted to periods of active service. It is worth noting in this connection that in the statutes cited by defendant in support of that proposition, the active service requirement was spelled out quite specifically. See, *e.g.*, section 142 Revenue Act of 1945, 59 Stat. 572, 26 U.S.C.A. § 3808 and note. Also, the only proposed amendment to section 421 which specifically required active service for all periods involved (S.Rep.

---

2. The question of an active service requirement for years prior to that of death is not raised in any of the cases cited where section 421 was construed. See Lloyd v.

Delaney, 1 Cir., 181 F.2d 941; Allen v. Bickerstaff, 5 Cir., 200 F.2d 181; Boone v. Lightner, 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587.

No. 221, 78th Congress, 1st Session, pp. 48–49) was rejected in the Conference Committee. (H.Conference Rep. No. 510, 78th Congress, 1st session, pp. 68–69.)

■ In view of the language used in section 345 and the evidence of legislative intent brought to our attention, we are persuaded that the statute entitles plaintiff to the relief here sought. Judgment will accordingly be entered for plaintiff in the amount of $69,094.03, with interest as provided by law.

It is so ordered.

HOWELL, MADDEN, WHITAKER, and LITTLETON, Judges, concur.